BLACKBURN *et ux. v.* WOODING.

(*Circuit Court, D. Washington, W. D.*   March 30, 1892.)

SPECIFIC PERFORMANCE—FRAUD—EQUITABLE RELIEF.

Plaintiff owned a half interest in certain land, the other half belonging to his children as heirs to the community interest of his deceased wife under the community law of Washington. Having married again, plaintiff contracted to sell the whole tract for $6,000, without disclosing his marital relations, or the interest of his children, the purchaser being ignorant of both. Plaintiff subsequently informed the purchaser that he was unable to perform his contract, because the land was community property, and his wife refused to convey her share without an increased compensation. An agreement was then made between the three that the husband should convey his interest for $3,000, and the wife hers for a large sum in addition. Plaintiff gave his deed, and received payment, but the purchaser refused to perform his agreement with the wife on the ground that she had no title. He had in fact learned the true state of affairs before making the agreement, and never intended to carry it out with respect to her. *Held* that, as he had received good title to a half interest for a proportionate abatement of the original price, and as all parties were guilty of deceit, equity would afford relief to none.

In Equity. Suit by Barbee T. Blackburn and Sadie M. Blackburn against Charles T. Wooding. Decree dismissing the bill.

*Galusha Parsons,* for complainants.

*O. V. Linn* and *B. F. Dennison,* for defendant.

HANFORD, District Judge. The material facts to be considered in rendering a decision in this case are as follows: The complainant Barbee T. Blackburn contracted with the defendant to sell and convey to him for the price of $6,000 certain lands situated in Chehalis county, in this s ate, the title to which, as shown by the public records, was at the time in said complainant; the same having been by him in the year 1882 purchased from the United States. At the time of the purchase said complainant was the husband of M. W. Blackburn, who died after the issuance of the patents for the land, leaving minor children entitled to inherit her portion of the community property of herself and husband, s tuated in this state. After the death of his first wife said complainant was married to his co-plaintiff, Sadie M. Blackburn, and the marriage relation between them existed at the time of the making of said contract. When the contract was made the defendant was not personally acquainted with the complainants, and did not know of the existence of any marriage relation affecting the title of Barbee T. Blackburn to said land, or of any interest in said property in the minor heirs of said deceased wife. After the making of said contract, Barbee T. Blackburn, through an agent, represented to the defendant that he was unable to perform his contract fully, for the reason that the property was community property, and that his wife, Sadie M. Blackburn, had not consented to the contract, and that she refused to execute a conveyance of the land without the payment of a larger sum therefor than the price fixed by said contract. He then offered to convey all his interest in the property for one-half of said price. Thereupon, through negotiations conducted on behalf of Barbee T. Blackburn by his said agent, and in behalf of his wife, Sadie M. Blackburn, through another person, acting as her agent,

and the defendant acting also through an agent, a verbal understanding was arrived at to the effect that Barbee T. Blackburn should execute and deliver to the defendant a warranty deed to the property for the consideration of $3,000, and Sadie M. Blackburn should give a quit-claim deed of the property to said defendant for an additional sum of $11,489, and said defendant was to pay to the agents of the two complainants the total sum of $14,489. With the expectation that the arrangement, as understood and verbally agreed to as aforesaid, would be fully carried out, Barbee T. Blackburn, through his said agent, executed and delivered a warranty deed to the defendant, and received from the defendant $3,000. Immediately after obtaining possession of said deed, the defendant's agent caused the same to be filed for record, refused to proceed any further in execution of the verbal agreement, and at once notified said agents of the complainants that he had no intention of paying the additional $11,489, and did not want the quitclaim deed from Sadie M. Blackburn, for the reason that she had no interest in the property. The complainants did not inform the defendant at any time of the facts in relation to the marriage of Barbee T. Blackburn to M. W. Blackburn, or of her death, or of the community interest which she had during her life-time in the property, or of the fact that there were minor children of Barbee T. Blackburn entitled to an interest in said property. By the representations made, and the withholding of information of material facts, the complainants intended that the defendant should act under the erroneous belief that the property was the community property of the complainants, and that together they could convey a complete title. The defendant, however, through other sources obtained true information, and was fully informed of the facts affecting the title, and of the inability of complainants to convey the property at the time of obtaining the deed from Barbee T. Blackburn, and intentionally induced him to deliver said deed by falsely pretending that he would pay the additional sum for a quitclaim deed from Sadie M. Blackburn.

The laws of this state in force at the time of the purchase of the lands by Barbee T. Blackburn vested the title in him and his then living wife as community property, and it could not be sold or conveyed during her life-time, nor could any interest therein be sold or conveyed without both husband and wife being joined in the contract of sale or deed of conveyance. Upon the death of the wife the community estate was by operation of law so changed as to become at once vested in the surviving husband and the children of the marriage as tenants in common. The husband could thereafter sell and convey his undivided one-half of the property, but the interest of the children as owners of an undivided one-half could not be affected by any contract or deed of their father. Any agreement made for the conveyance of the property from Sadie M. Blackburn was and is void for want of consideration, as she had no interest in the property. Her deed purporting to convey the land or any interest therein could have no effect except to deceive and defraud persons ignorant of the date of her marriage. Such being the condition of the title and the rights of the parties respecting the same, the transactions

ir. effect amount to an attempt on the part of the complainants to deceive and defraud the defendant, and a counter-attempt on the part of the defendant to deceive them, with the result that the former have received $3,000 of the defendant's money, which the defendant paid intentionally and voluntarily, intending that they should receive it and retain it; and the defendant has obtained possession of and retains a deed to the property from Barbee T. Blackburn, with covenants for title, which, although it purports to convey the entire property, is a valid conveyance of only a 1 undivided one-half thereof; and by the conveyance of said undivided one-half interest to the defendant, Barbee T. Blackburn has in part executed a contract which he voluntarily made with the defendant, and in doing so he has exhausted his power to perform said contract, so that it remains partially unperformed and broken. There has been an abatement of the contract price, corresponding to the difference in value of the property conveyed by the deed and property which the vendor by said contract assumed to sell and promised to convey. The liability of the complainant upon the covenants of his deed is no greater than upon his broken contract. I consider that there will be no failure of justice if a court of equity simply leaves all the parties in the situation in which they have placed themselves. Let there be a decree dismissing this suit, with costs to the defendant.